

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-09-00083-CR

_____

SIDNEY IRA CAMPBELL, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the Fourth Judicial District Court
Rusk County, Texas
Trial Court No. CR06-160

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Sidney Ira Campbell was convicted of two counts of assault on Kilgore police officers Terry Linder and Roy Nixon. During the punishment phase of the trial, the State introduced evidence, over Campbell's objection, of Campbell's fugitive status for over two years from the date of the offense until the date of arrest. On appeal, Campbell contends the trial court abused its discretion in admitting this evidence. The punishment was enhanced to a second degree level by Campbell's previous felony conviction; the jury assessed punishment at twenty years' imprisonment. We find no error on the part of the trial court and affirm the judgment.

## I.    FACTUAL AND PROCEDURAL HISTORY

In the early morning hours of April 5, 2006, police officers Linder and Nixon and two Rusk County sheriff's deputies sought to execute a felony arrest warrant for Campbell at a mobile home residence east of Kilgore in Rusk County. Two officers were stationed at the front door, and Linder and Nixon were at the rear door of the mobile home. Deputy Amber Rogers knocked on the front door and then walked around to all the windows and doors, announcing "Sheriff's office." Rogers walked around toward the back of the mobile home, and then returned to the front, at which time Campbell's mother opened the front door and allowed Rogers to step inside. At that time, Rogers caught a glimpse of Campbell inside the residence. Campbell fled to the rear door of the residence, and on opening it, jumped into the arms of Linder and Nixon waiting for him there. In the ensuing melee, Linder received a cut to his hand and Nixon was bruised and kicked in the face. Campbell

2

fled the scene and remained a fugitive from justice until his eventual arrest in Louisiana in September 2008.

During the time Campbell remained at large, numerous attempts were made to locate and capture him. Campbell proved exceedingly difficult to apprehend; the Rusk County Sheriff's Office enlisted the assistance of a number of police agencies in its effort to aid in Campbell's capture, and his case was publicized on the television show "America's Most Wanted."

After having convicted Campbell on two counts of assault on a public servant, the jury was informed of the effort undertaken to apprehend Campbell during the punishment phase of the trial. Campbell objected to the admission of this evidence, but stipulated to his five prior convictions and did not testify. The jury assessed the maximum sentence of twenty years' imprisonment on each count.[1] Campbell's sole point of error on appeal is that evidence of the fact that he was a well-publicized fugitive after he evaded arrest on April 5, 2006, should not have been admitted during the punishment trial because it was irrelevant and unfairly prejudicial.

## II.  STANDARD OF REVIEW

Article 37.07 of the Texas Code of Criminal Procedure states that during the sentencing phase, the court may admit any evidence as to

---

[1]Assault on a public servant is a third degree felony. *See* TEX. PENAL CODE ANN. § 22.01(a)(1), (b)(1) (Vernon Supp. 2009). Campbell's punishment was enhanced to that of a second degree felony based on a prior felony conviction. Punishment for a second degree felony is imprisonment in the Texas Department of Criminal Justice for any term of not more than twenty years or less than two years, plus a fine not to exceed $10,000.00. TEX. PENAL CODE ANN. § 12.33(a), (b) (Vernon Supp. 2009).

3

any matter the court deems relevant including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and, notwithstanding Rules 404 and 405, Texas Rules of Evidence, any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act . . . .

TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1) (Vernon Supp. 2009). This rule permits the introduction of "any other evidence of an extraneous crime or bad act," regardless of whether it has resulted in a criminal conviction. *See Smith v. State*, 227 S.W.3d 753, 759 (Tex. Crim. App. 2007). In order for the evidence to be admissible, however, the sentencing entity (either judge or jury) must be able to rationally find, beyond a reasonable doubt, that the defendant committed the extraneous crime or bad act. *Id.*

In the final analysis, however, the decision of the trial court regarding the admissibility of evidence is reviewed under an abuse of discretion standard. As long as the trial court's ruling on the admission of evidence is within the zone of reasonable disagreement, its ruling will not be reversed. *Montgomery v. State*, 810 S.W.2d 372, 391–92 (Tex. Crim. App. 1990) (op. on reh'g); *see also Mitchell v. State*, 931 S.W.2d 950, 953 (Tex. Crim. App. 1996) (plurality opinion) (trial court's decision to admit or exclude evidence of extraneous offense will not be disturbed absent showing that trial court abused discretion).

4

### III.    ADMISSIBILITY OF EFFORTS TO LOCATE CAMPBELL

Before the commencement of the punishment phase of the trial, the trial court conducted a preliminary hearing outside the jury's presence to decide on the admissibility of the proffered evidence. The only witness the State sought to call with regard to the evidence at issue was Deputy Rogers of the Rusk County Sheriff's Office. Rogers' proffered testimony revealed that Rogers personally attempted to locate and arrest Campbell anywhere from twenty to eighty times during the two-year period he remained at large. The Rusk County Sheriff's Office was assisted in its efforts to capture Campbell by the Department of Public Safety, U.S. Marshals for Texas, Alabama, and Louisiana, the Abilene Police Department, the Ruston, Louisiana, Police Department, and "America's Most Wanted." The Rusk County Sheriff's Office alone put in hundreds of hours in attempts to locate and capture Campbell.

Campbell objected to the admission of this evidence on the basis that it is irrelevant to the issue of punishment and that under Rule 403 of the Texas Rules of Evidence, the probative value of this evidence is substantially outweighed by the danger of unfair prejudice. *See* TEX. R. EVID. 403. The trial court ruled that evidence pertaining to Campbell's flight from justice and attempts to arrest Campbell after April 5, 2006, was admissible.

#### A.    Relevance of the Testimony

Rule 401 of the Texas Rules of Evidence provides that "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination

of the action more probable or less probable than it would be without the evidence." TEX. R. EVID. 401. Article 37.07, Section (3)(a) of the Texas Code of Criminal Procedure governs the admissibility of evidence during the punishment stage of a noncapital criminal trial[2] and allows for admission of any evidence the trial court "deems relevant to sentencing."[3] The term "relevant," as defined in Rule 401 of the Texas Rules of Evidence, does not readily apply to Article 37.07 of the Texas Code of Criminal Procedure because there are no discrete fact issues at the punishment phase of a noncapital trial. *Sims v. State*, 273 S.W.3d 291, 295 (Tex. Crim. App. 2008). Evidence is "relevant to sentencing," within the meaning of the statute, if the evidence is "helpful to the jury in determining the appropriate sentence for a particular defendant in a particular case." *Rodriguez v. State*, 203 S.W.3d 837, 842 (Tex. Crim. App. 2006).

The length and breadth of admissible evidence at a punishment trial is illustrated in *Rodriguez*. Rodriguez was convicted as a party to an escape when he assisted his son in escaping from prison together with six other prisoners, who then went on a well-publicized crime spree including several armed robberies and murder. At the punishment hearing, the State sought to introduce evidence of all the crimes the escapees, known as the Connally Seven, committed after escaping and their entire criminal records. *Id*. at 840. The Texas Court of Criminal Appeals found that this evidence was admissible during the punishment phase even though Rodriguez was not

---

[2]*McGee v. State*, 233 S.W.3d 315, 318 (Tex. Crim. App. 2007) (citing *Erazo v. State*, 144 S.W.3d 487, 491 (Tex. Crim. App. 2004)).

[3]TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1).

6

criminally responsible for the crimes the group committed after the escape. Reciting that admissibility of evidence at a punishment trial is a function of policy rather than relevance, the Texas Court of Criminal Appeals found such evidence to be admissible and that the evidence was not unfairly prejudicial per Rule 403 of the Texas Rules of Evidence. The court found this evidence was probative concerning Rodriguez' moral blameworthiness for not assisting the police in the recapture of the escapees. *Id*. at 843.

Here, the trial court admitted Rogers' testimony without elaborating on the basis of its decision. We find the evidence in question is relevant to at least two areas listed within the statute. The action of Campbell was an extension of his conduct on April 5, 2006, when the evidence shows he intentionally fled from persons he knew were peace officers attempting to lawfully arrest him, violating Section 38.04 of the Texas Penal Code.[4] Additionally, the evidence is relevant to show the prior "bad act" of fleeing from justice for a period of over two years, so long as the State was able to prove this evidence "beyond a reasonable doubt" or to otherwise show that Campbell "could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act."[5] Rogers' testimony on this issue was uncontested, and such proof was sufficient to convince a rational juror beyond a reasonable doubt that Campbell did, in fact, flee

[4]*See* TEX. PENAL CODE ANN. § 38.04 (Vernon Supp. 2009).

[5]*Rodriguez*, 203 S.W.3d at 843.

7

from the officers attempting to arrest him and that he did, in fact, remain a fugitive from justice for over two years before he was finally apprehended.[6]

Second, this testimony impacts negatively on Campbell's character as it is evidence of an abject lack of respect for lawful authority.[7]  Just as in *Rodriguez*, Campbell's evasion of law enforcement efforts to arrest him was relevant in considering his moral blameworthiness.  The trial court could have reasonably concluded that such evidence would be helpful to the jury in determining the appropriate sentence for Campbell in this case.  Beyond these two bases for admission, the statute clearly states that the court "may admit any evidence *it deems relevant* to sentencing, including *but not limited to* . . . ."[8]  This standard for admission of evidence in a punishment trial is extremely broad.

---

[6]We note that evidence of flight was admitted during the guilt/innocence phase of the trial (although there was no evidence of the two-year time span Campbell evaded arrest).  Evidence of flight is admissible in that context because flight is a circumstance from which guilt may be inferred. *Foster v. State*, 779 S.W.2d 845, 859 (Tex. Crim. App. 1989).  Such evidence is also relevant "to show the efforts made to locate or apprehend the accused, his pursuit and capture, including his resistance to arrest when overtaken." *Hunter v. State*, 530 S.W.2d 573, 575 (Tex. Crim. App. 1975).  The jury properly considers guilt/innocence evidence during the punishment trial. *Burks v. State*, 227 S.W.3d 138, 152 (Tex. App.— Houston [1st Dist.] 2006, pet. ref'd).

[7]Character evidence in the form of opinion testimony and extraneous-offense evidence are admissible at the punishment phase of trial. TEX. CODE CRIM. PROC. ANN. art. 37.07; *Sims*, 273 S.W.3d at 296.  Specific instances of conduct of the person from which inferences may be drawn is one form of character evidence. *Hedicke v. State*, 779 S.W.2d 837, 839 (Tex. Crim. App. 1989).

[8]TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1) (emphasis added).

### B.     Probative Value Versus Prejudicial Impact

Next, we must determine whether admission of the subject testimony constitutes an abuse of discretion under Rule 403 of the Texas Rules of Evidence. Relevant evidence is generally admissible, but it is properly excluded under Rule 403 when "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence."[9] Rule 403 of the Texas Rules of Evidence favors the admission of relevant evidence and carries a presumption that relevant evidence will be more probative than prejudicial. *Jones v. State*, 944 S.W.2d 642, 652 (Tex. Crim. App. 1996); *Montgomery*, 810 S.W.2d at 390. "'[U]nfair prejudice' refers to 'an undue tendency to suggest decision on an improper basis, commonly, though not necessarily an emotional one.'" *Erazo,* 144 S.W.3d at 501–02 (quoting *Rogers v. State*, 991 S.W.2d 263, 266 (Tex. Crim. App. 1999)).

It is a given that all testimony and evidence will be prejudicial to one party or the other. *See Joiner v. State*, 825 S.W.2d 701, 708 (Tex. Crim. App. 1992). It is only when there is a clear disparity between the degree of prejudice of the offered evidence and its probative value that Rule 403 is applicable. *Jones*, 944 S.W.2d at 653.

Rogers' testimony regarding Campbell's fugitive status and the extraordinary effort expended by law enforcement to apprehend Campbell was not so prejudicial as to require exclusion. Had

---

[9]TEX. R. EVID. 403.

9

Campbell allowed himself to be arrested, then made bond, gotten a job, and generally stayed clear of trouble until his trial, he would have necessarily been permitted to bring such evidence to the jury at the punishment phase of trial, as it is relevant to character and would be helpful to the jury in determining the appropriate sentence. Likewise, the jury is permitted to hear evidence that Campbell attempted to frustrate prosecution, refused to return and face charges, or to permit himself to be arrested. This information is helpful to the jury in its determination of an appropriate sentence.

The unusual feature in this case is that the television program "America's Most Wanted" featured a segment on Campbell.[10] The entirety of Rogers' testimony was brief, and her testimony regarding the feature on "America's Most Wanted" amounted to only one sentence. There was no attempt by the State in its questioning of Rogers to utilize this aspect of the evidence in a sensationalistic or shocking manner.

There is no clear disparity between the probative value of the evidence introduced against Campbell at the punishment phase of the trial and the danger of unfair prejudice to Campbell. We analyze four factors in conducting the Rule 403 balancing test:[11] (1) how compellingly the evidence serves to make a fact of consequence more or less probable—the evidence of Campbell's continued flight to avoid prosecution was relevant and probative as to Campbell's moral blameworthiness and

---

[10]The issue of pretrial publicity was addressed during voir dire. Only one potential juror had heard anything about the case, and this juror was excused. One other venire member knew Campbell from school, and this juror was also excused.

[11]*De La Paz v. State*, 279 S.W.3d 336, 348–49 (Tex. Crim. App. 2009).

was helpful to the jury in determining the appropriate punishment; (2) the potential to impress the jury on some irrational basis—here the evidence was not an appeal to improper emotion or a confusion of the issues; (3) the time needed to develop the evidence—the testimony of Rogers was very brief, consisting of less than four typed pages in the record, and (4) the force of the proponent's need for the evidence—the evidence was not cumulative of any other evidence admitted in the punishment trial. While the evidence was necessarily prejudicial to Campbell, it was not unfairly so.

## IV.   CONCLUSION

The trial court did not err by admitting testimony during Campbell's punishment trial that Campbell not only evaded capture by law enforcement at the time of the attempted arrest, but that he also continued to flee from justice for over a period of two years, causing numerous law enforcement agencies to assist in the effort to bring him to justice. The probative value of this evidence was not substantially outweighed by any unfair prejudice resulting from its admission. The trial court did not abuse its discretion by admitting this evidence.

We affirm the trial court's judgment.

Jack Carter
Justice

Date Submitted: September 30, 2009
Date Decided: October 28, 2009

Do Not Publish