In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-09-00083-CR


______________________________




SIDNEY IRA CAMPBELL, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the Fourth Judicial District Court


Rusk County, Texas


Trial Court No. CR06-160




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Sidney Ira Campbell was convicted of two counts of assault on Kilgore police officers Terry
Linder and Roy Nixon. During the punishment phase of the trial, the State introduced evidence, over
Campbell's objection, of Campbell's fugitive status for over two years from the date of the offense
until the date of arrest. On appeal, Campbell contends the trial court abused its discretion in
admitting this evidence. The punishment was enhanced to a second degree level by Campbell's
previous felony conviction; the jury assessed punishment at twenty years' imprisonment. We find
no error on the part of the trial court and affirm the judgment. 

I. FACTUAL AND PROCEDURAL HISTORY 

 In the early morning hours of April 5, 2006, police officers Linder and Nixon and two Rusk
County sheriff's deputies sought to execute a felony arrest warrant for Campbell at a mobile home 
residence east of Kilgore in Rusk County. Two officers were stationed at the front door, and Linder
and Nixon were at the rear door of the mobile home. Deputy Amber Rogers knocked on the front
door and then walked around to all the windows and doors, announcing "Sheriff's office." Rogers
walked around toward the back of the mobile home, and then returned to the front, at which time
Campbell's mother opened the front door and allowed Rogers to step inside. At that time, Rogers
caught a glimpse of Campbell inside the residence. Campbell fled to the rear door of the residence,
and on opening it, jumped into the arms of Linder and Nixon waiting for him there. In the ensuing 
melee, Linder received a cut to his hand and Nixon was bruised and kicked in the face. Campbell
fled the scene and remained a fugitive from justice until his eventual arrest in Louisiana in
September 2008. 

 During the time Campbell remained at large, numerous attempts were made to locate and
capture him. Campbell proved exceedingly difficult to apprehend; the Rusk County Sheriff's Office
enlisted the assistance of a number of police agencies in its effort to aid in Campbell's capture, and
his case was publicized on the television show "America's Most Wanted." 

 After having convicted Campbell on two counts of assault on a public servant, the jury was
informed of the effort undertaken to apprehend Campbell during the punishment phase of the trial. 
Campbell objected to the admission of this evidence, but stipulated to his five prior convictions and
did not testify. The jury assessed the maximum sentence of twenty years' imprisonment on each
count. (1) Campbell's sole point of error on appeal is that evidence of the fact that he was a well-publicized fugitive after he evaded arrest on April 5, 2006, should not have been admitted during the
punishment trial because it was irrelevant and unfairly prejudicial.

II. STANDARD OF REVIEW

 Article 37.07 of the Texas Code of Criminal Procedure states that during the sentencing
phase, the court may admit any evidence as to

 any matter the court deems relevant including but not limited to the prior criminal
record of the defendant, his general reputation, his character, an opinion regarding
his character, the circumstances of the offense for which he is being tried, and,
notwithstanding Rules 404 and 405, Texas Rules of Evidence, any other evidence of
an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence
to have been committed by the defendant or for which he could be held criminally
responsible, regardless of whether he has previously  been  charged  with  or  finally
convicted  of  the  crime or act . . . .


Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (Vernon Supp. 2009). This rule permits the
introduction of "any other evidence of an extraneous crime or bad act," regardless of whether it has
resulted in a criminal conviction. See Smith v. State, 227 S.W.3d 753, 759 (Tex. Crim. App. 2007). 
In order for the evidence to be admissible, however, the sentencing entity (either judge or jury) must
be able to rationally find, beyond a reasonable doubt, that the defendant committed the extraneous
crime or bad act. Id. 

 In the final analysis, however, the decision of the trial court regarding the admissibility of
evidence is reviewed under an abuse of discretion standard. As long as the trial court's ruling on the
admission of evidence is within the zone of reasonable disagreement, its ruling will not be reversed. 
Montgomery v. State, 810 S.W.2d 372, 391-92 (Tex. Crim. App. 1990) (op. on reh'g); see also
Mitchell v. State, 931 S.W.2d 950, 953 (Tex. Crim. App. 1996) (plurality opinion) (trial court's
decision to admit or exclude evidence of extraneous offense will not be disturbed absent showing
that trial court abused discretion).



III. ADMISSIBILITY OF EFFORTS TO LOCATE CAMPBELL 

 Before the commencement of the punishment phase of the trial, the trial court conducted a
preliminary hearing outside the jury's presence to decide on the admissibility of the proffered
evidence. The only witness the State sought to call with regard to the evidence at issue was Deputy
Rogers of the Rusk County Sheriff's Office. Rogers' proffered testimony revealed that Rogers
personally attempted to locate and arrest Campbell anywhere from twenty to eighty times during the
two-year period he remained at large. The Rusk County Sheriff's Office was assisted in its efforts
to capture Campbell by the Department of Public Safety, U.S. Marshals for Texas, Alabama, and
Louisiana, the Abilene Police Department, the Ruston, Louisiana, Police Department, and
"America's Most Wanted." The Rusk County Sheriff's Office alone put in hundreds of hours in
attempts to locate and capture Campbell. 

 Campbell objected to the admission of this evidence on the basis that it is irrelevant to the
issue of punishment and that under Rule 403 of the Texas Rules of Evidence, the probative value of
this evidence is substantially outweighed by the danger of unfair prejudice. See Tex. R. Evid. 403. 
The trial court ruled that evidence pertaining to Campbell's flight from justice and attempts to arrest
Campbell after April 5, 2006, was admissible. 

 A. Relevance of the Testimony

 Rule 401 of the Texas Rules of Evidence provides that "'Relevant evidence' means evidence
having any tendency to make the existence of any fact that is of consequence to the determination
of the action more probable or less probable than it would be without the evidence." Tex. R. Evid.
401. Article 37.07, Section (3)(a) of the Texas Code of Criminal Procedure governs the
admissibility of evidence during the punishment stage of a noncapital criminal trial (2) and allows for
admission of any evidence the trial court "deems relevant to sentencing." (3) The term "relevant," as
defined in Rule 401 of the Texas Rules of Evidence, does not readily apply to Article 37.07 of the
Texas Code of Criminal Procedure because there are no discrete fact issues at the punishment phase
of a noncapital trial. Sims v. State, 273 S.W.3d 291, 295 (Tex. Crim. App. 2008). Evidence is
"relevant to sentencing," within the meaning of the statute, if the evidence is "helpful to the jury in
determining the appropriate sentence for a particular defendant in a particular case." Rodriguez v.
State, 203 S.W.3d 837, 842 (Tex. Crim. App. 2006).

 The length and breadth of admissible evidence at a punishment trial is illustrated in
Rodriguez. Rodriguez was convicted as a party to an escape when he assisted his son in escaping
from prison together with six other prisoners, who then went on a well-publicized crime spree
including several armed robberies and murder. At the punishment hearing, the State sought to
introduce evidence of all the crimes the escapees, known as the Connally Seven, committed after
escaping and their entire criminal records. Id. at 840. The Texas Court of Criminal Appeals found
that this evidence was admissible during the punishment phase even though Rodriguez was not
criminally responsible for the crimes the group committed after the escape. Reciting that
admissibility of evidence at a punishment trial is a function of policy rather than relevance, the
Texas Court of Criminal Appeals found such evidence to be admissible and that the evidence was
not unfairly prejudicial per Rule 403 of the Texas Rules of Evidence. The court found this evidence
was probative concerning Rodriguez' moral blameworthiness for not assisting the police in the
recapture of the escapees. Id. at 843. 

 Here, the trial court admitted Rogers' testimony without elaborating on the basis of its
decision. We find the evidence in question is relevant to at least two areas listed within the statute. 
The action of Campbell was an extension of his conduct on April 5, 2006, when the evidence shows
he intentionally fled from persons he knew were peace officers attempting to lawfully arrest him,
violating Section 38.04 of the Texas Penal Code. (4) Additionally, the evidence is relevant to show the
prior "bad act" of fleeing from justice for a period of over two years, so long as the State was able
to prove this evidence "beyond a reasonable doubt" or to otherwise show that Campbell "could be
held criminally responsible, regardless of whether he has previously been charged with or finally
convicted of the crime or act." (5) Rogers' testimony on this issue was uncontested, and such proof 
was sufficient to convince a rational juror beyond a reasonable doubt that Campbell did, in fact, flee
from the officers attempting to arrest him and that he did, in fact, remain a fugitive from justice for
over two years before he was finally apprehended. (6) 

 Second, this testimony impacts negatively on Campbell's character as it is evidence of an 
abject lack of respect for lawful authority. (7) Just as in Rodriguez, Campbell's evasion of law
enforcement efforts to arrest him was relevant in considering his moral blameworthiness. The trial
court could have reasonably concluded that such evidence would be helpful to the jury in
determining the appropriate sentence for Campbell in this case. Beyond these two bases for
admission, the statute clearly states that the court "may admit any evidence it deems relevant to
sentencing, including but not limited to . . . ." (8) This standard for admission of evidence in a
punishment trial is extremely broad.


 B. Probative Value Versus Prejudicial Impact

 Next, we must determine whether admission of the subject testimony constitutes an abuse
of discretion under Rule 403 of the Texas Rules of Evidence. Relevant evidence is generally
admissible, but it is properly excluded under Rule 403 when "its probative value is substantially
outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by
considerations of undue delay, or needless presentation of cumulative evidence." (9) Rule 403 of the
Texas Rules of Evidence favors the admission of relevant evidence and carries a presumption that
relevant evidence will be more probative than prejudicial. Jones v. State, 944 S.W.2d 642, 652 
(Tex. Crim. App. 1996); Montgomery, 810 S.W.2d at 390. "'[U]nfair prejudice' refers to 'an undue
tendency to suggest decision on an improper basis, commonly, though not necessarily an emotional
one.'" Erazo, 144 S.W.3d at 501-02 (quoting Rogers v. State, 991 S.W.2d 263, 266 (Tex. Crim.
App. 1999)).

 It is a given that all testimony and evidence will be prejudicial to one party or the other. See
Joiner v. State, 825 S.W.2d 701, 708 (Tex. Crim. App. 1992). It is only when there is a clear
disparity between the degree of prejudice of the offered evidence and its probative value that Rule
403 is applicable. Jones, 944 S.W.2d at 653.

 Rogers' testimony regarding Campbell's fugitive status and the extraordinary effort expended
by law enforcement to apprehend Campbell was not so prejudicial as to require exclusion. Had
Campbell allowed himself to be arrested, then made bond, gotten a job, and generally stayed clear
of trouble until his trial, he would have necessarily been permitted to bring such evidence to the jury
at the punishment phase of trial, as it is relevant to character and would be helpful to the jury in
determining the appropriate sentence. Likewise, the jury is permitted to hear evidence that Campbell
attempted to frustrate prosecution, refused to return and face charges, or to permit himself to be
arrested. This information is helpful to the jury in its determination of an appropriate sentence. 

 The unusual feature in this case is that the television program "America's Most Wanted"
featured a segment on Campbell. (10) The entirety of Rogers' testimony was brief, and her testimony
regarding the feature on "America's Most Wanted" amounted to only one sentence. There was no
attempt by the State in its questioning of Rogers to utilize this aspect of the evidence in a
sensationalistic or shocking manner.

 There is no clear disparity between the probative value of the evidence introduced against
Campbell at the punishment phase of the trial and the danger of unfair prejudice to Campbell. We
analyze four factors in conducting the Rule 403 balancing test: (11)
 (1) how compellingly the evidence
serves to make a fact of consequence more or less probable--the evidence of Campbell's continued
flight to avoid prosecution was relevant and probative as to Campbell's moral blameworthiness and
was helpful to the jury in determining the appropriate punishment; (2) the potential to impress the
jury on some irrational basis--here the evidence was not an appeal to improper emotion or a 
confusion of the issues; (3) the time needed to develop the evidence--the testimony of Rogers was
very brief, consisting of less than four typed pages in the record, and (4) the force of the proponent's
need for the evidence--the evidence was not cumulative of any other evidence admitted in the
punishment trial. While the evidence was necessarily prejudicial to Campbell, it was not unfairly
so. 

IV. CONCLUSION

 The trial court did not err by admitting testimony during Campbell's punishment trial that
Campbell not only evaded capture by law enforcement at the time of the attempted arrest, but that
he also continued to flee from justice for over a period of two years, causing numerous law
enforcement agencies to assist in the effort to bring him to justice. The probative value of this
evidence was not substantially outweighed by any unfair prejudice resulting from its admission. The
trial court did not abuse its discretion by admitting this evidence. 








 We affirm the trial court's judgment.



 Jack Carter

 Justice


Date Submitted: September 30, 2009

Date Decided: October 28, 2009


Do Not Publish
1. Assault   on   a   public   servant   is   a   third   degree   felony.   See   Tex.  Penal   Code
 Ann. § 22.01(a)(1), (b)(1) (Vernon Supp. 2009). Campbell's punishment was enhanced to that of
a second degree felony based on a prior felony conviction. Punishment for a second degree felony
is imprisonment in the Texas Department of Criminal Justice for any term of not more than twenty
years  or  less  than  two  years,  plus  a  fine  not  to  exceed  $10,000.00.  Tex.  Penal  Code  Ann.
§ 12.33(a), (b) (Vernon Supp. 2009).
2. McGee v. State, 233 S.W.3d 315, 318 (Tex. Crim. App. 2007) (citing Erazo v. State, 144
S.W.3d 487, 491 (Tex. Crim. App. 2004)). 
3. Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1). 
4. See Tex. Penal Code Ann. § 38.04 (Vernon Supp. 2009).
5. Rodriguez, 203 S.W.3d at 843.
6. We note that evidence of flight was admitted during the guilt/innocence phase of the trial
(although there was no evidence of the two-year time span Campbell evaded arrest). Evidence of
flight is admissible in that context because flight is a circumstance from which guilt may be inferred. 
Foster v. State, 779 S.W.2d 845, 859 (Tex. Crim. App. 1989). Such evidence is also relevant "to
show the efforts made to locate or apprehend the accused, his pursuit and capture, including his
resistance to arrest when overtaken." Hunter v. State, 530 S.W.2d 573, 575 (Tex. Crim. App. 1975).
The jury properly considers guilt/innocence evidence during the punishment trial. Burks v. State,
227 S.W.3d 138, 152 (Tex. App.-- Houston [1st Dist.] 2006, pet. ref'd).
7. Character evidence in the form of opinion testimony and extraneous-offense evidence are
admissible at the punishment phase of trial. Tex. Code Crim. Proc. Ann. art. 37.07; Sims, 273
S.W.3d at 296. Specific instances of conduct of the person from which inferences may be drawn is
one form of character evidence. Hedicke v. State, 779 S.W.2d 837, 839 (Tex. Crim. App. 1989). 
8. Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (emphasis added).
9. Tex. R. Evid. 403.
10. The issue of pretrial publicity was addressed during voir dire. Only one potential juror had
heard anything about the case, and this juror was excused. One other venire member knew Campbell
from school, and this juror was also excused. 
11. De La Paz v. State, 279 S.W.3d 336, 348-49 (Tex. Crim. App. 2009).