Lewis Bowen **DUCKWORTH, II, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–91–178 CR.**

Court of Appeals of Texas, Beaumont.

July 8, 1992.

Steve Hebert, Baytown, for appellant.

Michael Little, Dist. Atty., Steve Greene, Asst. Dist. Atty., Liberty, for state.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

BROOKSHIRE, Justice.

The grand jury presented a pleading that the Appellant had knowingly and intentionally caused the penetration of the mouth of C., a child that was younger than 14 years of age, and not the spouse of the accused, by the use of the sexual organ of the accused. The indictment also alleged that on or about the first part of August 1989, in Liberty County, the accused did then and there knowingly and intentionally cause the female sexual organ of C., a child that was younger than 14 years of age and not the spouse, to be contacted and penetrated by the sexual organ of the accused. A trial to the bench began on the above indictment. The trial was consolidated with a second cause of action for bond jumping and for failure to appear.

On February 5, 1991, following the completed trial to the bench, the Appellant was convicted of both the crime of bond jumping, failure to appear, and the second offense of aggravated sexual assault of a child. The bench assessed punishment at ten years on the bond jumping and 45 years on the aggravated sexual assault of a child. L.B. Duckworth, II, presents his brief using the name of Duckworth, II. The indictment referred to the accused as Duckworth, II. The notice of appeal was signed by Duckworth, II. The affidavit of indigency was signed the same way, that is, Duckworth, II. The order appointing counsel on appeal referred to the accused as Duckworth, II.

The Appellant presents a ground of review stating that the trial court erred in admitting evidence of certain extraneous acts by the accused in the aggravated sexual assault matter. The Appellant says the State presented evidence by way of testimony of C., the complainant, of certain extraneous sexual acts between the accused and the complainant. At arraign-

ment the court asked the indicted person, "are you L.B. Duckworth, II"? The defendant answered unequivocally, "yes, sir". This same person pleaded not guilty to the offense of aggravated sexual assault of a child. The two arraignments took place immediately, one right after the other, during the morning session of December 4, 1990.

About a month later, a second time the Appellant pleaded not guilty to the offense of aggravated sexual assault of a child. The accused correctly waived a jury in this non-capital case. A witness unequivocally identified the accused as being Lewis Bowen Duckworth, II. He was the father of the complainant. He was definitely identified in the courtroom on the trial as Mr. Duckworth, II, and the father of the complainant.

According to the narrative of events and occurrences proffered by the State, the Appellant began touching the young child in some manner offensive to the child since the child was about seven years of age. At the time of trial the child was about 14 years of age. At about the time the complainant was ten, she again started living with her mother and father. Previous to her tenth year she had been residing with grandparents. When ten years of age, the complainant testified that the accused would put his private part into the mouth of the complainant. The complainant said that this happened a lot. Apparently these events proceeded for about three years. The accused was then arrested when the complainant was 13 years of age. The complainant described the last time that these offensive touchings took place. It was in August when the child was 13 years of age.

The complainant testified that on the last offensive occasion that the Appellant put his private into her vagina and also into the complainant's mouth. The complainant identified his "private" as the middle part of his body and about what he used to go to the bathroom. The private was in the front part of his body. According to the complainant the accused had definitely told her and threatened her that he could and

would give her a certain power through his private. The power was that he could make people do things and that she could make people do things. However, once this power was imparted, it could not be stopped without death occurring to the complainant. The unambiguous testimony of the complainant demonstrates this in the record.

The wife of the Appellant testified that during a certain telephone conversation the Appellant told her that he was willing to plead guilty to sexual assault. In fact, the Appellant himself testified in this manner:

Q (By Mr. Hebert) There was testimony earlier, Mr. Duckworth, that dealt with a conversation between you and your daughter and you and your wife about a plea of guilt. Do you recall that conversation?

A Yes, sir. I recall it.

Q Was that on the telephone?

A Yes, sir, it was.

Q Did you ever admit to your wife or in your conversation indicate that you would plead guilty?

A Yes, sir, I did.

Under this record and the version and narration thereof that was presented by the State to the bench and favorably found by the bench, we conclude that the district court did not err in admitting evidence of certain alleged extraneous matters and further, that the Appellant failed to properly preserve his contentions for review. We determine from the record that the Appellant did not object in a timely and proper manner.

■ A late objection was made. The experienced bench found that the evidence was relevant. The trial judge's action in admitting the evidence was a ruling that the same was relevant. Impliedly, the trial court made a determination that the probative value of the evidence tardily objected to was of importance and relevancy and that this same evidence was not outweighed and certainly not substantially outweighed by any unfair prejudice to the Appellant. TEX.R.CRIM.EVID. 403 provides that evidence may be excluded if relevant, provided further that its probative value is

substantially outweighed by the danger of unfair prejudice or confusion of the issues. The trial judge impliedly and correctly found contrary to the Appellant's contention. In this bench trial there was no possibility of misleading the jury or needless presentation of accumulative evidence. Rule 403.

■ TEX.R.CRIM.EVID. 404(b) specifically provides that evidence of other crimes, wrongs or acts may be admissible for such purposes as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or absence of an accident. The prosecution had the burden to show that the accused intentionally and knowingly performed the acts charged in the indictment. The relevant evidence of other acts disproved lack of knowledge. The said evidence disproved mistake; it disproved an accidental occurrence. This same evidence showed proof of motive, opportunity, intent, preparation and plan. *See and compare Montgomery v. State,* 810 S.W.2d 372 (Tex.Crim.App.1991).

Furthermore, the ultimate issue was contested. An attack was made upon the complainant/victim's testimony because there was a contended-for motive on the part of the young complainant to lie because the Appellant disapproved of some of the complainant's boy friends. In fact, the testimony reveals in several places that apparently the Appellant disapproved and complained of all of the boy friends. The victim's testimony was the primary evidence, if not the only evidence, to establish that this Appellant had sexually assaulted her. This evidence of extraneous offenses and extraneous acts in this proceeding had an additional and particular type of probative force in that it set forth the relationship between the young victim of seven years to thirteen years of age and the Appellant. It put this relationship in its proper context. It aided the trial court in determining the proper evaluation when the testimony of the minor was attacked. It pointed out that the relationship between the minor and the accused was that of father and child. The same evidence was admissible to prove habit of Appellant. TEX.R.CRIM. EVID. 406.

■ The case was tried before the bench. A strong presumption exists that when the offense is tried to the bench alone that the experienced trial judge will consider only that evidence which was admissible in arriving at his decision. *See and compare Tolbert v. State,* 743 S.W.2d 631 (Tex. Crim.App.1988).

■ Another ground of review on the aggravated sexual assault of a child case is that the Appellant argues that the trial court erred in not allowing the defense an opportunity to show bias and motive of the child-complainant. The thrust and gravamen of the Appellant's complaint on this point is that the Appellant was not allowed to show that the complainant who was about 13 years at the time of the last event was a promiscuous child. But it is a balanced statement, we perceive, that the Appellant concedes that the evidence of alleged promiscuity is simply not admissible where the female complainant is under the age of 14 years. *See* TEX.PENAL CODE ANN. § 22.021 and 22.021(d) (Vernon 1989). Section 22.021(a)(2)(B) legislates a felony when the victim is younger than 14 years of age. Section 22.021, "Aggravated Sexual Assault", when read and construed in conjunction with § 22.011(d)(1) mandates that the child or victim must have been at the time of the offense 14 years or older and had prior to the charged offense engaged promiscuously in certain conduct. This complainant/victim was 13 years old. No error is shown.

The Appellant was allowed broad and liberal latitude in cross examining the complainant regarding her boy friends and the Appellant's disapproval of her boy friends. Evidence of whether the complainant had engaged in certain sexual activities with a boy friend or not was simply not permissible cross examination under the above statutes. It would not have been a defense under the sections quoted immediately above. TEX.PENAL CODE ANN. § 22.011(e).

AFFIRMED.