

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1575-07

**TANEESHA MONIQUE SIMS, Appellant**

**v.**

**THE STATE OF TEXAS**

**ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
FROM THE FIRST COURT OF APPEALS
HARRIS COUNTY**

**PRICE, J., delivered the opinion for a unanimous Court.**

## O P I N I O N

The appellant was convicted by a jury for the offense of aggravated assault with a deadly weapon, a knife.[1] The jury assessed the appellant's sentence at four years' confinement. We granted the appellant's petition for discretionary review to determine whether the State, during the punishment phase of trial, may introduce character evidence in the form of opinion testimony when that opinion is based on no more than a single encounter

---

[1] TEX. PEN. CODE §22.02(a)(2).

with law enforcement that constitutes an extraneous offense. For the reasons that follow, we hold that the evidence presented at the punishment phase of trial was proper and that the trial court committed no error in allowing its admission.

## THE FACTS AND PROCEDURAL POSTURE

The appellant and the victim had an ongoing dispute that lasted for several days. It culminated on February 10, 2002, with a confrontation in which the appellant stabbed the victim with a knife. Prior to the punishment phase of trial, the appellant filed an application for community supervision. The State filed a notice of intent, prior to the punishment phase, to offer evidence of other crimes, wrongs, or acts committed by the appellant.

During the punishment phase, in accordance with its notice of intent, the State sought to introduce evidence through different police officers concerning extraneous offenses that the appellant had committed while out on bond for the offense charged in this case. Outside the jury's presence, the trial court conducted a preliminary hearing to decide on the admissibility of the proffered evidence. One of the witnesses the State sought to call was Officer Russell Terry. The State informed the trial judge that, through Terry's testimony, it wished to introduce evidence of an extraneous offense as well as Terry's opinion of the appellant's character for truthfulness. After some discussion, the trial court allowed the testimony to be adduced.

Terry testified that he was dispatched to a scene on April 23, 2003, where he met the appellant. The appellant told Terry that she had been assaulted inside of a vehicle by a man

named Melvin Chris. She initially claimed that Chris slapped her in the face and prevented her from calling 9-1-1. However, Terry testified that the appellant later claimed that she was not assaulted and that Chris had not prevented her from dialing 9-1-1. Still later, the appellant changed her story again and claimed that she *was* prevented from dialing 9-1-1, even though she eventually was able to dial 9-1-1. Terry observed no visible marks or injuries on the appellant, and he found her demeanor "strange." Specifically, the appellant was laughing and talking on her cell phone during the interview, and she never cried or seemed upset by the situation. Based on his observations, Terry refused to take any action against Chris. Instead, he simply had another police officer give the appellant a courtesy ride home. After Terry's testimony relaying this incident, the State asked him if he had an opinion as to the appellant's character for truthfulness. Terry responded, over the appellant's objection, that he thought the appellant was untruthful.

The appellant appealed, claiming that the trial court erred in admitting Terry's opinion of her character for truthfulness based upon a single encounter, especially when that opinion was predicated upon an alleged false report to a peace officer, which constitutes a separate and extraneous offense.[2] The court of appeals ruled that the testimony was permissible, and, for the reasons that follow, we agree.

---

[2]  TEX. PEN. CODE §37.08(a). ("A person commits an offense if, with intent to deceive, he knowingly makes a false statement that is material to a criminal investigation and makes the statement to . . . a peace officer conducting the investigation[.]")

**THE LAW**

Prior to 1965, criminal trials in Texas were unitary in nature. Determinations as to guilt and punishment were made in a single proceeding. However, with the enactment of the new Code of Criminal Procedure, the Texas Legislature created a bifurcated process, i.e., separate guilt and punishment phases.[3] "Such [bifurcated] procedure was obviously designed to take the blindfolds off the judge or jury when it came to assessing punishment. It authorized the introduction of evidence on punishment not heretofore held to be generally admissible."[4] In other words, what is admissible as relevant to the punishment determination is no longer constrained by considerations of what is patently inadmissible at the guilt phase of trial.

**Rules 404 & 405**

During the guilt phase of trial, the Rules of Evidence generally forbid the introduction of character evidence.[5] It is not that character evidence offered to prove "conduct or a state of mind conforming to that character" would be an irrelevant consideration at the guilt phase of trial.[6] It is manifestly relevant. But Rule 404(a) nevertheless prohibits such use of

---

[3] *Murphy v. State*, 777 S.W.2d 44, 61 (Tex. Crim. App. 1989).

[4] *Brumfield v. State*, 445 S.W.2d 732, 738 (Tex. Crim. App. 1969).

[5] TEX. R. EVID. 404. The only exception concerning the character of an accused is that the prosecution may rebut good character evidence only if the accused introduces such evidence.

[6] Steven Goode, Olin Guy Wellborn III & M. Michael Sharlot, 1 TEXAS PRACTICE: GUIDE TO

character evidence on the ground that it is generally "laden with the dangerous baggage of prejudice, distraction, time consumption and surprise."[7]  Character evidence is generally inadmissible, notwithstanding its relevance, because "it is said to weigh too much with the jury and to so overpersuade them as to prejudge one with a bad general record and deny him a fair opportunity to defend against a particular charge."[8]

Of course, Rule 404(a) does provide for some exceptions to the general rule.  When these exceptions apply, Rule 405 limits the forms in which the character evidence may take. For example, to be qualified to give character evidence in the form of opinion testimony at the guilt phase of trial, a witness must be "familiar... with the underlying facts or information upon which the opinion is based."[9]  But the witness may not testify on direct examination about any specific instance or instances of conduct that led him to formulate his opinion. Inquiry into specific instances of conduct is permissible only 1) to cross-examine a character witness,[10] or 2) when a person's character is an essential element of a charge, claim, or

---

THE TEXAS RULES OF EVIDENCE § 404.2, at 181 (3rd ed. 2002).

[7]  *Id.* at 182.

[8]  *Pollard v. State*, __ S.W.3d __, 2008 Tex. App. LEXIS 609, at *4 (Tex. App. — San Antonio 2008) (*citing Michelson v. U.S.*, 335 U.S. 469, 475-76 (1948)).

[9]  TEX. R. EVID. 405(a).

[10]  *Id.*

defense.[11]

Evidence of extraneous offenses is generally inadmissible at the guilt phase of trial to prove action in conformity therewith.[12] Extraneous-offense evidence is "inherently prejudicial, tends to confuse the issues, and forces the accused to defend himself against charges not part of the present case against him."[13] Essentially, the current rules ~~thus~~ follow the common law reasoning that "an accused person is entitled to be tried on the accusation made in the State's pleading and not on some collateral crime, or for being a criminal generally."[14] But Rule 404(b) does allow for the admission of extraneous-offense evidence at the guilt phase of trial for specific, non-character-conformity purposes, such as to prove motive, opportunity, intent, preparation, plan, etc.[15]

## Article 37.07

Prior to 1998, Rule 404(c) of the Texas Rules of Evidence discussed the use of character evidence during the punishment phase.[16] However, the Legislature deleted Rule

---

[11] TEX. R. EVID. 405(b).

[12] TEX. R. EVID. 404(b).

[13] *Pollard v. State*, *supra* at *4 (*citing Albrecht v. State*, 486 S.W.2d 97, 100 (Tex. Crim. App. 1972)).

[14] *Young v. State*, 159 Tex. Crim. 164, 165, 261 S.W.2d 836, 837 (Tex. Crim. App. 1953).

[15] TEX. R. EVID. 404(b).

[16] *See* former TEX. R. EVID. 404(c) ("In the penalty phase, evidence may be offered by an

404(c) in 1998, leaving Article 37.07 of the Code of Criminal Procedure to govern the admission of evidence in a non-capital felony trial.

Article 37.07 § 3(a)(1) allows for admission of any evidence the trial court "deems *relevant* to sentencing."[17] The Legislature has expressly provided that "relevant" punishment evidence includes, but is not limited to, both character evidence in the form of opinion testimony as well as extraneous-offense evidence.[18] Because there are no discrete fact issues at the punishment phase of a non-capital trial, we have ruled that the definition of "relevant," as stated in Rule 401 of the Texas Rules of Evidence, does not readily apply to Article 37.07.[19] What is "relevant" to the punishment determination is simply that which will assist the fact finder in deciding the appropriate sentence in a particular case.[20] When the jury assesses punishment, it must be able to tailor the sentence to the particular defendant, and

accused or by the prosecution as to the prior criminal record of the accused. Other evidence of his character may be offered by an accused or by the prosecution. Nothing herein shall limit provisions of Article 37.071, Code of Criminal Procedure.").

[17] TEX. CODE CRIM. PROC. art. 37.07 § 3(a)(1) (emphasis added).

[18] *Id.* ("Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to . . . an opinion regarding his character . . . and, notwithstanding Rules 404 and 405, Texas Rules of Evidence, any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.").

[19] *Murphy v. State*, *supra*, at 62-63.

[20] *Mendiola v. State*, 21 S.W.3d 282, 285 (Tex. Crim. App. 2000).

relevance is simply "a question of what is helpful to the jury in determining the appropriate sentence for a particular defendant in a particular case."[21]  Importantly, we have held that when a defendant applies for community supervision (as the appellant did), the trial court may reasonably deem any character trait that pertains to the defendant's suitability for community supervision to be a relevant matter for the sentencer to consider.[22]

## ANALYSIS

The appellant acknowledges that, under Article 37.07, both character evidence in the form of opinion testimony and extraneous-offense evidence are admissible at the punishment phase of trial.  But these are "different evidentiary categories," she contends, and Article 37.07 "does not permit the merger of the two."  Thus, the question before us today is whether character evidence in the form of opinion testimony, when that opinion was formulated from a specific extraneous offense that the jury was entitled to hear about, is inadmissible under Article 37.07.

First, the appellant claims that a one-time encounter (even if it constitutes an extraneous offense) cannot create a sufficient basis for an opinion as to character.  We disagree.  At least at the punishment phase of trial, a witness's opinion of the defendant's character must be based on "enough personal association with the defendant so that it is

---

[21]  *Ellison v. State*, 201 S.W.3d 714, 719 (Tex. Crim. App. 2006) (*citing Rogers v. State*, 991 S.W.2d 263, 265 (Tex. Crim. App. 1999)).

[22]  *See Ellison v. State, supra*, at 714.

rational to infer that his or her opinion as to the defendant's character is based on the witness' personal experience with the defendant."[23] As long as Terry was minimally able to formulate an opinion based on his encounter with the appellant, the trial court could have properly determined that his opinion should be conveyed to the sentencer, subject to whatever weight the sentencer should choose to afford it.

The appellant complains that basing character evidence on a single, specific act negates any communal reliability in the testimony, citing *Wagner v. State*.[24] However, communal reliability is only a factor in assessing the admissibility of character evidence in the form of *reputation* testimony, not opinion testimony. When one gives testimony regarding reputation, that testimony is based on the community's perception of the person in question. Opinion testimony, on the other hand, is based solely on the specific testifier's perception of the person in question.[25]

The appellant further contends that to allow a character witness to testify as to his opinion of a defendant's character based upon a single encounter essentially violates the general prohibition against proving character through specific conduct. But there is no such general prohibition at the punishment phase of trial. Specific misconduct evidence is

---

[23] George E. Dix & Robert O. Dawson, 43 TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 38.33, at 671 (2d ed. 2001).

[24] 687 S.W.2d 303, 312-14 (Tex. Crim. App. 1985) (opinion on reh'g).

[25] *See Hedicke v. State*, 779 S.W.2d 837, 839-41; Dix & Dawson, *supra*, at 670-71.

expressly made admissible at the punishment phase of trial "notwithstanding rules 404 and 405, Texas Rules of Evidence[.]"[26] Moreover, given that the appellant applied for community supervision, any information about her character that was relevant to her suitability for community supervision was admissible.[27] In determining whether the appellant can adequately complete the demands of community supervision, a sentencer might rationally want to take into account testimony that the appellant lied to a peace officer. Therefore, that evidence would be admissible in its own right. That it also formed the basis for Officer Terry's opinion of a relevant character trait of the appellant did not somehow serve to render that opinion inadmissible.

## CONCLUSION

We hold that both character evidence in the form of opinion testimony and extraneous-offense testimony may be admissible during trial, even if the opinion testimony is based on facts brought forth from the extraneous-offense testimony. Here, Officer Terry's testimony concerning the appellant's allegedly false statement, as well as Terry's opinion as to the appellant's character for truthfulness based upon his belief that that statement was false, were properly admitted during the punishment phase of the appellant's trial. Both types of evidence are admissible during the punishment phase of trial, and we see no reason that they cannot be combined during punishment proceedings. Because the trial judge

---

[26]

TEXAS CODE CRIM. PROC. art. 37.07, § 3(a)(1).

[27]

*Ellison v. State, supra.*

determined that the evidence was admissible, any complaint about Terry's opinion being based on a single encounter goes to the weight rather than the admissibility of such evidence. Thus, the trial court did not err in admitting Terry's testimony. The judgment of the court of appeals is affirmed.


Delivered:    July 2, 2008
Publish