

NUMBER 13-11-00011-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**GERARDO LEAL,**                                                                              **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                              **Appellee.**

### On appeal from the 24th District Court
### of Jackson County, Texas.

# MEMORANDUM OPINION

### Before Justices Benavides, Vela and Perkes
### Memorandum Opinion by Justice Benavides

After a bench trial, appellant Gerardo Leal was convicted of evading detention

with a vehicle, a state-jail felony. He was sentenced to fifteen months' imprisonment

and fined $2,500. *See* TEX. PENAL CODE ANN. § 38.04 (West 2011). By three issues,[1]

---

[1] We recognize that under the "Issues Presented" section of Leal's brief, he lists four issues: (1) whether the trial court erred in admitting custodial statements elicited from [Leal] without *Miranda* warnings

Leal appeals his conviction and asserts that: (1) the trial court erred in admitting his custodial statements for evidentiary purposes when *Miranda*[2] warnings were not given; (2) the trial court erred in admitting testimony about the immigration statuses of his passengers at the time of his arrest; and (3) the trial court erred in admitting pictures that were recovered from his mobile phone at the time of his arrest for the limited purpose of punishment. We affirm.

## I.    BACKGROUND

On December 18, 2008, Texas Department of Public Safety Corporal Brandon Curlee clocked Gerardo Leal's vehicle traveling at a high rate of speed on U.S. Highway 59 in Jackson County, Texas. Because of the position and location of his patrol unit relative to Leal's lane of travel, Curlee was not immediately able to stop Leal's vehicle. As a result, Curlee lost sight of Leal's vehicle, and radioed for assistance from Edna Police Officer Kent Bubela. Bubela eventually located Leal's vehicle, secured a roadside stop, and waited for Curlee's arrival.

Once Curlee arrived, he removed Leal from the car, asked him to step to the rear of the vehicle, and began questioning him. At some point during this initial inquiry, Leal stated "I ain't going to lie, I was speeding." Curlee then placed Leal under arrest, and into custody, when Leal voluntarily stated that he "didn't want to get a ticket" as to why he

---

for evidentiary purposes; (2) whether the trial court erred in admitting testimony about the immigration statuses of the passengers in [Leal's] vehicle at the time of his arrest; (3) whether the trial court erred in admitting pictures that were on [Leal's] mobile phone at the time of the arrest; and (4) whether the evidence was legally sufficient to support a finding that [Leal] evaded detention or arrest by an officer knowing the officer was attempting to detain him.

While Leal briefed his first three issues, he failed to brief the fourth. Accordingly, Leal's fourth issue is waived and will not be addressed in this opinion. *See* TEX. R. APP. P. 38.1(h).

2 *See Miranda v. Arizona*, 384 U.S. 436, 444–45 (1966).

exited off from the highway from Curlee. At the point that these statements were made, no *Miranda* warnings had been given to Leal.

After Curlee arrested Leal, he approached Leal's vehicle and questioned two passengers inside the vehicle. The passengers were later identified as undocumented immigrants from Mexico. Additionally, while processing Leal's vehicle, three cellular phones were retrieved from inside the vehicle and pictures were found on the phone depicting Leal holding what appeared to be wads of cash and an assault rifle.

During his bench trial, Leal's statements to Curlee were deemed admissible after the trial court overruled Leal's motion to suppress. Furthermore, evidence of the immigration status of Leal's passengers was deemed admissible during trial, and the photos of Leal were admitted solely for punishment purposes. Leal was found guilty, sentenced, and this appeal ensued.

## II.    ADMISSIBILITY OF ARTICLE 38.22 AND *MIRANDA* STATEMENTS

In his first issue, Leal contends that the trial court erred in admitting Leal's statements to Curlee about speeding because they were made during a custodial interrogation without the protections afforded under *Miranda*.[3]

### A.    Applicable Law and Standard of Review

Article 38.22 of the Texas Code of Criminal Procedure governs the admissibility of statements into evidence made by an accused during a custodial interrogation. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22 (West 2005). The statute mandates that warnings—virtually identical to the ones prescribed by *Miranda*, with one exception—be given to an accused prior to making any custodial interrogation statements. *See id.* §

---

[3] *See Miranda*, 384 U.S. at 444–45.

2(a) (requiring that the accused be properly warned that: (1) he has the right to remain silent and not make any statement at all and that any statement he makes may be used against him at his trial; (2) any statement he makes may be used as evidence against him in court; (3) he has the right to have a lawyer present to advise him prior to and during any questioning; (4) if he is unable to employ a lawyer, he has the right to have a lawyer appointed to advise him prior to and during any questioning; and (5) he has the right to terminate the interview at any time.); *Herrera v. State*, 241 S.W.3d 520, 526 (Tex. Crim. App. 2007). Finally, the accused must "knowingly, intelligently, and voluntarily [waive] the rights set out in the warning." *Id.* § 2(b).

For purposes of admissibility of evidence under *Miranda* and the warnings of article 38.22, the defendant bears the initial burden to prove that the statements that he wishes to suppress were the product of a "custodial interrogation." *See Herrera*, 241 S.W.3d at 526 (citing *Wilkerson v. State*, 173 S.W.3d 521, 532 (Tex. Crim. App. 2005)). A trial court decides "custody" as a mixed question of law and fact, *see Herrera,* 241 S.W.3d at 526 (quoting *Thompson v. Keohane*, 516 U.S. 99, 113 (1995)), with our appellate review giving almost total deference to the trial court on questions of historical fact dealing with credibility and demeanor, while we review the legal application of facts to law de novo. *See Herrera*, 241 S.W.3d at 526–27; *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997) (en banc). When a trial court overrules a motion to suppress and does not enter findings of fact, "we assume that the trial court made implicit findings of fact that support its ruling as long as those findings are supported by the record." *Herrera*, 241 S.W.3d at 527*.*

4

Custody is determined on an ad-hoc basis, after considering all objective circumstances. *See Dowthitt v. State*, 931 S.W.2d 244, 255 (Tex. Crim. App. 1996). Four general factors have been outlined to constitute custody for purposes of *Miranda*:

(1) when the suspect is physically deprived of his freedom of action in any significant way;
(2) when a law enforcement officer tells the suspect that he cannot leave;
(3) when law enforcement officers create a situation that would lead a reasonable person to believe that his freedom of movement has been significantly restricted; and
(4) when there is probable cause to arrest and law enforcement officers do not tell the suspect that he is free to leave.

*Id.* (citing *Shiflet v. State*, 732 S.W.2d 622, 629 (Tex. Crim. App. 1985) (en banc)). Other factors pertinent to the custody determination include, but are not limited to, the language used to summon the accused and the physical surroundings of the interrogation. *See Herrera*, 241 S.W.3d at 532.

## B.    Discussion

In this case, Leal argues that at the time he made the speeding statement, he was already in custody to trigger article 38.22 and *Miranda* safeguards. We disagree. Curlee's questioning of Leal was pursuant to a traffic stop, and a traffic stop by itself does not constitute "custody" for purposes of *Miranda*. *See State v. Stevenson*, 958 S.W.2d 824, 828 (Tex. Crim. App. 1997) (citing *Berkemer v. McCarty*, 468 U.S. 420, 437 (1984)). Questioning during a traffic stop mitigates the danger presented under *Miranda* because traffic stops are presumptively brief and temporary, unlike a police station interrogation, and are more open in public so as to lessen the police dominance over a defendant. *See Berkemer*, 468 U.S. at 437–38. A noncustodial encounter may, however, escalate into custodial interrogation based entirely on objective circumstances. *See Stevenson*, 958 S.W.2d at 828. Here, Leal's initial encounter with

5

Bubela and Curlee was non-custodial questioning incidental to a traffic stop under *Stevenson* and did not escalate into custody until he was placed under arrest and his freedom of action was deprived. *See id.* The record shows that Leal was questioned about his speeding at the rear of his vehicle on a public road and was arrested and placed into custody only *after* he admitted to Curlee that he was speeding. Accordingly, we conclude that the trial court did not err in denying Leal's motion to suppress based on an implicit finding that Leal was not in custody under *Stevenson* and *Berkemer* at the time the statement was made. *See Dowthitt*, 931 S.W.2d at 255. Leal's first issue is overruled.

## III. ADMISSIBILITY OF OTHER EVIDENCE

In his second and third issues, Leal contends that the trial court erred in admitting (1) the immigration status of Leal's passengers; and (2) photos of Leal posing with cash and weapons retrieved from his cell phone.

**A.    Standard of Review**

"The trial court should be allowed the discretion to exclude or admit evidence before the jury and an appellate court should not set aside the trial court's rulings absent a showing in the record that the trial court has abused that discretion." *Montgomery v. State*, 810 S.W.2d 372, 379 (Tex. Crim. App. 1991) (op. on reh'g); s*ee Morales v. State*, 222 S.W.3d 134, 141–42 (Tex. App.—Corpus Christi 2006, no pet.). Our review will not disturb the trial court's ruling absent a showing that it is supported by the record and correct under any theory of law applicable to the case. *See Morales*, 222 S.W.3d at 142.

**B.      Immigration Status of the Passengers**

Leal argues that the immigration statuses of his vehicle's passengers were irrelevant to his charge of evading detention.   Under Texas Rule of Evidence 401, "if evidence tends to make an elemental fact more or less probable, or if it inferentially supports or challenges an elemental fact, it is relevant."   *Blakeney v. State*, 911 S.W.2d 508, 513 (Tex. App.—Austin 1995, no writ) (citing *Montgomery*, 810 S.W.2d at 387); *see* TEX. R. EVID. 401.

Here, the purpose offering the immigration statuses of the passengers was to support the State's theory that Leal was speeding, and subsequently evaded detention, because he had undocumented individuals as passengers.   Whether the trial court, sitting as fact-finder, made that particular inference or discounted that testimony in its entirety and relied solely on Leal's own admission to serve as the basis for its guilty verdict, does not speak to the relevance of the evidence.   The trial court's ruling on its admissibility is within the zone of reasonable disagreement and was not an abuse of discretion.   *See Rogers v. State*, 853 S.W.2d 29, 32–33 (Tex. Crim. App. 1993) (en banc).

In the alternative, Leal argues that this evidence should have been excluded under Texas Rule of Evidence 404(b) because the State's support for utilizing the passenger evidence was for contextual background evidence.   *See* TEX. R. EVID. 404(b).   Under rule 404(b), "the State must show the misconduct has some tendency to make more or less probable a fact of consequence to determination of the issue of persuasion—or at the very least, that the character or degree of persuasion the police used cannot be fully comprehended absent evidence of the misconduct."   *England v.*

7

*State*, 887 S.W.2d 902, 915 (Tex. Crim. App. 1994) (en banc). We disagree with Leal's argument. The State's offer was to show motive on Leal's part as to why he was speeding and attempting to evade detention. Evidence of motive is relevant as a circumstance to show commission of an offense, though it is not an element of the crime. *See Crane v. State*, 786 S.W.2d 338, 349–50 (Tex. Crim. App. 1990). The trial court could have found that the State met its burden that the passengers' immigration statuses were more or less probable a fact of consequence to determine the larger issue of Leal's evading detention. Accordingly, its ruling was within the zone of reasonable disagreement and not an abuse of discretion. *See England*, 887 S.W.2d at 915.

Having found that the trial court did not abuse its discretion in admitting evidence of the immigration statuses of Leal's passengers for the purpose offered, we overrule Leal's second issue.

## C. Cell Phone Photos During Punishment

Leal argues that the cell phone photos, depicting him holding large amounts of currency and holding an assault rifle, were admitted in error during the punishment stage under rule 403 and rule 404(b). *See* TEX. R. EVID. 403, 404(b). We disagree. Article 37.07 § 3(a)(1) of the Texas Code of Criminal Procedure states that:

> evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and, notwithstanding Rules 404 and 405, Texas Rules of Evidence, any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.

8

TEX. CODE CRIM. PROC. ANN. art. 37.07 § 3(a)(1) (West Supp. 2011). "Relevant" as articulated in Rule 401 does not apply to article 37.07. *See* TEX R. EVID. 401; *Sims v. State*, 273 S.W.3d 291, 295 (Tex. Crim. App. 2008). Instead, "relevant" to a punishment determination is anything that will assist the fact-finder in determining an appropriate sentence for a particular defendant in a particular case. *See Sims*, 273 S.W.3d at 295. Furthermore, the article specifically excludes Rule 404 from consideration, if the extraneous act is shown beyond a reasonable doubt. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07 § 3(a)(1). Thus, Leal's Rule 404(b) argument is overruled.

Leal also argues that under Rule 403, the cell phone pictures may be excluded because their probative value is substantially outweighed by the danger of confusing or distracting the jury from the main issues. While we agree with Leal that the probative value of these photos is minimal, we will not disturb the trial court's discretion to find that the photos are not unfairly prejudicial to be precluded by Rule 403 as they are not inflammatory, it is undisputed that they depict Leal, and that it will assist the fact-finder determine an appropriate sentence. The trial court's decision is within the "zone of reasonable disagreement," and will not be disturbed because we do not find an abuse of discretion. *See Johnson v. State*, 988 S.W.2d 958, 960–61 (Tex. App.—Beaumont 1999, no pet.).

Leal's third issue is overruled.

## IV.   CONCLUSION

Having overruled all of Leal's issues, we affirm the judgment of the trial court.

_____
GINA M. BENAVIDES,
Justice

Do not publish.
Tᴇx. R. Aᴘᴘ. P. 47.2(b).

Delivered and filed the
26th day of April, 2012.