**Affirmed as Modified and Opinion Filed May 17, 2016**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-01157-CR
### No. 05-15-01158-CR

**DADRIAN NAKIA AYERS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 3**
**Dallas County, Texas**
**Trial Court Cause Nos. F13-1352291-J and F12-72313-J**

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Bridges, and Justice Lang
Opinion by Chief Justice Wright

Appellant Dadrian Nakia Ayers pleaded guilty to charges of robbery and aggravated assault involving family violence and a deadly weapon. Appellant received deferred adjudication community supervision in each case for four years. Approximately two years later, the State moved to revoke appellant's probation and to proceed with adjudication of his guilt, alleging he had violated conditions of his community supervision by exhibiting a firearm during the commission of assaults upon Cedric Washington and Shateera Washington and by failing to pay certain required fees. Following a hearing, the trial court found that appellant had violated his community supervision and sentenced him to twenty years' incarceration. In this Court, appellant contends the trial court abused its discretion by overruling appellant's objection to a series of photographs of his tattoos. Appellant also asks us to modify both judgments to reflect

the trial court's ruling on his probation violation. We agree the judgments should be modified, but—as modified—we affirm the trial court's judgment.

## Admission of the Photographs

In his first issue, appellant contends the trial court abused its discretion by overruling his relevance objection to nine photographs, which depicted appellant's tattoos. The photographs were offered during the sentencing hearing while Lekira Green, the mother of appellant's children, was on the stand. The State asked Green what each of the photographs pictured. She identified checkmarks and dates on appellant's wrists reflecting the birth and death of their first child and a "D with flames" on his chest reflecting that they were from Dallas. Green also identified tattoos of the words "lunatic," "life," and "trap," and she described tattoos of money signs, a face, and a house, but she testified she did not know what any of those words or pictures meant. Following this discussion of the photographs, the following exchange took place:

> Q. [by the Prosecutor] All right. During the time you've known him have you known him to be associated with the Blood street gang?
>
> A. [by witness Green] No, sir.
>
> Q.      And, so, it's your testimony that you have no knowledge that any of these tattoos are related to gang activity?
>
> A.      No, he's not in a gang.

Appellant argues the State offered the photographs solely to insinuate that he was in a gang without any competent evidence of such gang affiliation.[1] The decision to admit or exclude photographic evidence is within the discretion of the trial court. *Prible v. State*, 175 S.W.3d 724, 734 (Tex. Crim. App. 2005). And as to the scope of relevant evidence during the sentencing hearing, evidence is relevant to a punishment determination if it will assist the fact finder in

---

[1] The State argues appellant did not preserve this error because he did not object to the questions posed by the State *after* discussion of the photographs. Appellant timely objected to the photographs and preserved error as to them. We agree he did not preserve error as to the subsequent questions asking directly about his gang affiliation.

deciding the appropriate sentence in a particular case. *Sims v. State*, 273 S.W.3d 291, 295 (Tex. Crim. App. 2008). At the punishment phase, the factfinder is concerned with evaluating a defendant's background and character. *Jessop v. State*, 368 S.W.3d 653, 693 (Tex. App.—Austin 2012, no pet.). "A defendant's choice of tattoos, like his personal drawings, can reflect his character and/or demonstrate a motive for his crime." *Conner v. State*, 67 S.W.3d 192, 201 (Tex. Crim. App. 2001). Accordingly, a number of courts have admitted photographs of tattoos as evidence of character, background, or motive. *See id.* We cannot say the trial court abused its discretion in admitting the photographs of appellant's tattoos in this case.

Moreover, Green responded to questions concerning the tattoos, but she could attribute meaning to them in only two instances: she testified one set of tattoos memorialized the couple's deceased child and one celebrated their hometown. The State did not succeed in eliciting any testimony harmful to appellant from the photographs. Accordingly, even if admitting the photographs was error, the error would not be reversible. *See* Tex. R. App. P. 44.2(b).

We overrule appellant's first issue.

### Modification of the Judgments

In his second and third issues, appellant asserts that the trial court's judgments inaccurately assert that he violated three conditions of his probation: condition (a), commission of a new offense; condition (j), failure to pay community service fee; and condition (n), failure to pay urinalysis fee. Both judgments recite that appellant "violated the terms and conditions of community supervision as set out in the State's Amended Motion to Adjudicate Guilt," and the attached amended motion asserts that appellant violated conditions (a), (j), and (n). The trial court, however, found "specifically that the defendant violated Condition A in both these cases." The State agrees with appellant that the judgments should be modified to limit the trial court's ruling to condition (a).

–3–

This Court has the power to modify the trial court's judgment when we have the necessary information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State,* 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State,* 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd). We modify both judgments to reflect that while on community supervision, appellant violated condition (a) of the terms and conditions of his deferred adjudication community supervision.[2] We sustain appellant's second and third issues to this extent.

### Conclusion

We modify the trial court's judgments to reflect that the court found appellant violated condition (a) of the terms and conditions of his deferred adjudication community supervision. As modified, we affirm both judgments.

 /Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE

Do Not Publish
TEX. R. APP. P. 47
151157F.U05

---

[2] Appellant also asks us to modify the judgments to reflect that the trial court found conditions (j) and (n) to be not true in each case. The record does not support this conclusion: the trial court made no findings on those two conditions.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DADRIAN NAKIA AYERS, Appellant

No. 05-15-01157-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 3, Dallas County, Texas
Trial Court Cause No. F13-52291-J.
Opinion delivered by Chief Justice Wright, Justices Bridges and Lang participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows in the recitation of the court's findings:

(5) While on community supervision, Defendant violated the terms and conditions of community supervision as set out in the State's AMENDED Motion to Adjudicate Guilt as follows:

condition (a).

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered May 17, 2016.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DADRIAN NAKIA AYERS, Appellant

No. 05-15-01158-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 3, Dallas County, Texas
Trial Court Cause No. F12-72313-J.
Opinion delivered by Chief Justice Wright,
Justices Bridges and Lang participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows in the recitation of the court's findings:

(5) While on community supervision, Defendant violated the terms and conditions of community supervision as set out in the State's AMENDED Motion to Adjudicate Guilt as follows:

condition (a).

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered May 17, 2016.