**Affirmed and Opinion Filed August 10, 2021**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-19-00598-CR

**MICHAEL DEIONDRE BOWEN, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 354th Judicial District Court**
**Hunt County, Texas**
**Trial Court Cause No. 32,465CR**

## MEMORANDUM OPINION

Before Justices Schenck, Osborne, and Partida-Kipness
Opinion by Justice Osborne

Michael Deiondre Bowen appeals the trial court's judgment convicting him of aggravated robbery with a deadly weapon. After Bowen pleaded guilty to the offense, the jury found him guilty and assessed his punishment at fifty years of imprisonment. Bowen raises two issues arguing the trial court erred, during the punishment phase of his trial, when it: (1) failed to sua sponte prevent the State from using evidence of his post-arrest silence; and (2) overruled his objections to the admission of his rap music video. We conclude the trial court did not err. The trial court's judgment is affirmed.

# I. PROCEDURAL BACKGROUND

Bowen was indicted for the offense of aggravated robbery with a deadly weapon. Bowen pleaded not guilty and the case was tried before a jury. However, during the trial, Bowen changed his plea to guilty and elected to have his punishment assessed by the jury. During the hearing on punishment, the State made references to Bowen's post-arrest silence without objection. Also, the State offered and the trial court admitted over Bowen's objection a music video depicting Bowen rapping. The jury assessed Bowen's punishment at fifty years of imprisonment.

# II. REFERENCES TO POST-ARREST SILENCE

In issue one, Bowen argues the trial court erred when it failed to sua sponte prevent the State from using evidence of his post-arrest silence during the punishment phase of his trial in violation of article 1, § 10 of the Texas Constitution. Bowen concedes that he did not object at trial but argues no objection is required and he may raise the issue for the first time on appeal because it involves a right fundamental to the proper functioning of the judicial system under *Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993), *overruled on other grounds by Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997).[1] The State responds that Bowen failed to preserve this complaint for appellate review.

---

[1] In *Marin*, the Texas Court of Criminal Appeals recognized two "relatively small" categories of errors—violations of "rights which are waivable only" and denials of "absolute systemic requirements"—which may be addressed on appeal regardless of whether an objection was made in the trial court. *Saldano v. State*, 70 S.W.3d 873, 888 (Tex. Crim. App. 2002). Bowen maintains his complaint concerns a fundamental right that is "waivable only."

## A. Applicable Law

The United States Constitution's guarantee of due process prohibits comment on a defendant's post-arrest silence after, but not before, *Miranda* warnings are given. U.S. CONST. amend. V, XIV; *Doyle v. Ohio*, 426 U.S. 610, 618 & n.9 (1976) (holding it is denial of due process to use defendant's post-arrest, post-*Miranda* silence for impeachment purposes). The Texas Constitution provides additional protection to defendants, barring the use of post-arrest, pre-*Miranda* silence. TEX. CONST. art. I, § 10; *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986). And use of a defendant's post-arrest silence violates the prohibition against self-incrimination even if *Miranda* warnings have not been given. *See* TEX. CONST. art. I, § 10.

To preserve error for appellate review, a defendant must make his complaint to the trial court by a timely request, objection, or motion that states the grounds for the ruling sought with sufficient specificity to make the trial court aware of the complaint. TEX. R. APP. P. 33.1(a)(1)(A). With some exceptions, a defendant in a criminal case forfeits error, even constitutional error, when he fails to make a timely objection or fails to request proper relief. *See Marin*, 851 S.W.2d at 279; *Smith*, 721 S.W.2d at 855. As a result, by failing to timely and properly object, a defendant may forfeit his complaint that there was an improper comment on his post-arrest silence. *Heidelberg v. State*, 144 S.W.3d 535, 542–43 (Tex. Crim. App. 2004); *Wheatfall v. State*, 882 S.W.2d 829, 836 (Tex. Crim. App. 1994); *Smith*, 721 S.W.2d at 855.

Further, improper comment on a defendant's post-arrest silence is not fundamental error. *Smith*, 721 S.W.2d at 855; *see also Fonseca v. State*, No. 08-10-00080-CR, 2011 WL 3717006, at *7 (Tex. App.—El Paso Aug. 24, 2011, no pet.) (not designated for publication) (noting that, while it is true certain fundamental errors may be raised for first time on appeal, it is well established that complaint regarding admission of evidence of defendant's silence is waived in absence of objection).

### B. Application of the Law to the Facts

Bowen complains about the State's questions at three different points during the hearing on punishment: the State's direct examination of Detective Russell Stillwagoner, cross-examination of Bowen, and closing argument. Bowen concedes that he did not object to the State's questioning or closing argument but maintains that the trial court should have sua sponte prevented the State from eliciting evidence of his post-arrest silence and referring to that evidence in its closing argument. However, by failing to timely and properly object, Bowen forfeited his complaints about the State's improper comment on his post-arrest silence. *Wheatfall*, 882 S.W.2d at 836; *Smith*, 721 S.W.2d at 855.

In addition, Bowen argues that he may raise this issue for the first time on appeal because it constitutes fundamental error under *Marin*. While it is true that certain fundamental errors may be raised for the first time on appeal, it is also well established that a complaint regarding the admission of evidence of a defendant's post-arrest silence is forfeited in the absence of an objection. *See Marin*, 851 S.W.2d

at 279–80; *Smith*, 721 S.W.2d at 855; *see also Fonseca*, 2011 WL 3717006, at *7. Before *Marin*, the Texas Court of Criminal Appeals held in *Wheatfall* and *Smith* that a defendant may forfeit his complaint that there was an improper comment on his post-arrest silence by failing to timely and properly object. *See Wheatfall*, 882 S.W.2d at 836; *Smith*, 721 S.W.2d at 855. Bowen does not point us to and we could not find a post-*Marin* case that has changed the law. *See*, *Heidelberg*, 144 S.W.3d at 542–43; *see also Norris v. State*, No. 09-10-00204-CR, 2012 WL 34453, at *4–6 (Tex. App.—Beaumont Jan. 4, 2012, no pet.) (mem. op., not designated for publication) (concluding defendant failed to preserve complaint that trial court erred by allowing comment on his post-arrest silence when State introduced testimony showing he invoked right to attorney while being questioned); *Fonseca*, 2011 WL 3717006, at *3–7 (acknowledging *Marin* but concluding defendant failed to preserve complaints that State elicited evidence of his post-arrest silence through improper questioning and impeachment, and referenced his post-arrest silence in its closing argument); *Rojas v. State*, No. 05-09-00172-CR, 2010 WL 670242, at *1 (Tex. App.—Dallas Feb. 26, 2010, pet. ref'd) (mem. op., not designated for publication) (concluding defendant failed to preserve argument that trial court erred by allowing State to impeach him with post-arrest silence); *Curiel v. State*, 243 S.W.3d 10, 19 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (holding defendant waived complaint that prosecutor impermissibly commented on his post-arrest silence in closing argument because objection at trial did not comport with complaint on appeal

–5–

despite defendant's argument that appellate court could reverse based on unobjected to error because it was so prejudicial that an instruction to disregard would not have cured harm); *Fulford v. State*, No. 05-04-01680-CR, 2005 WL 2864084, at * 2–4 (Tex. App.—Dallas Nov. 2, 2005, pet. ref'd) (not designated for publication) (concluding defendant failed to preserve her complaint that trial court improperly allowed State to inquire about her post-arrest silence through direct examination and rebuttal testimony of officer, and cross-examination of defendant).

We conclude that issue one was not preserved for appellate review.

### III. ADMISSIBILITY OF MUSIC VIDEO

In issue two, Bowen argues the trial court erred when it overruled his relevance and rule 403 objections to the admission of his rap music video during the punishment phase of his trial. He contends that he did not write the lyrics and the video could be offensive to some people. Further, Bowen maintains that the State improperly used the inflammatory rap music video to argue that the video was a better reflection of him than his testimony, Bowen was "all about greed" and the video is all he has accomplished in his life. The State responds that the video was relevant because it presents content related to people "snitching" and could have reasonably been understood as an attempt to intimidate a key witness.[2] The State

---

[2] The State also argues that Bowen has failed to preserve this issue for appellate review because Bowen's rule 403 argument on appeal does not comport with his objection at trial. It contends that, during the punishment phase, the State offered the music video into evidence and Bowen objected on the basis that it was not relevant and its "prejudicial effect for singing a song." However, on appeal, Bowen argues that the music video was prejudicial character evidence that outweighed it probative value. Nevertheless, the

maintains that the music video was probative of what the appropriate punishment should be in this case.

### A. Standard of Review

An appellate court reviews the trial court's decision to admit or exclude evidence for an abuse of discretion. *Henley v. State*, 493 S.W.3d 77, 82–83 (Tex. Crim. App. 2016). The trial court abuses its discretion when the decision falls outside the zone of reasonable disagreement. *Id.* at 83. An appellate court will uphold a trial court's evidentiary ruling if it was correct on any theory of law applicable to the case. *De La Paz v. State*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009).

### B. Applicable Law

During the punishment phase of trial, "evidence may be offered . . . as to any matter the court deems relevant to sentencing," including evidence of the defendant's general reputation, character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and "evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to

---

trial judge showed that she understood the nature of Bowen's complaint was more than the fact that the video depicted Bowen singing when she stated:

> I am aware of the contents of the video itself. And I have reviewed it and considered the 404 balancing and 403 balancing for this particular item, and I am going to find that it is more probative than prejudicial in this case and admit it over the objection of the defense.

Accordingly, we conclude that Bowen preserved this issue for appellate review.

have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act." CRIM. PROC. art. 37.07, § 3(a)(1); *see also Sims v. State*, 273 S.W.3d 291, 295 (Tex. Crim. App. 2008). During the punishment phase, lyrics or a music video featuring, made by or published by the defendant is relevant evidence of the defendant's character, opinion regarding violence, or propensity for future violence. *McDade v. State*, 613 S.W.3d 349, 354–55 (Tex. App.—Dallas 2020, no pet.) (concluding video recording of songs written, performed, and posted on internet by defendant that also showed his name, contact information, and online handles was relevant evidence of defendant's character and purported opinion regarding violence during punishment phase).

Nevertheless, a trial court may exclude otherwise relevant evidence when its probative value "is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence." EVID. 403; *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). When conducting a rule 403 analysis, courts must balance: (1) the inherent probative force of the proffered item of evidence, along with (2) the proponent's need for that evidence, against (3) any tendency of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of

the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted. *Gigliobianco v. State*, 210 S.W.3d 637, 641–42 (Tex. Crim. App. 2006).

### C. *Application of the Law to the Facts*

During the punishment phase, the trial court admitted State's Exhibit 40, a rap music video, over Bowen's relevance and rule 403 objections. The exhibit is a four-minute-long music video recording by "FBF Fatboy Filmz" and states that it is presented by "ICCY ENT." The song is by "OsoIccyy" and is titled "No Lies." The video depicts Bowen singing with a group of men and flashing money, smoking, using profanity and racial slurs, and making hand gestures. The music video also portrays two women, who appear to be bound, hooded or blindfolded, in a room with Bowen and the other men; at one point, a gun is pointed at one of the women. The lyrics further refer to a person "snitching."

Detective Stillwagoner testified that, when he viewed Bowen's Facebook page, he found a link to YouTube where the music video was located. He stated that Bowen was the singer in the music video, he did not know who wrote or produced the song, it was uploaded two months before the trial, and he believed that it was made after the offense. Bowen testified that he did not write the rap song in the music video, he only performed it, and that he had nine other music videos on the internet. He stated that his rap videos are just an act.

The record establishes that Bowen performed and posted a link to the music video on the internet and the music video had been placed in the public domain. The music video depicts violence and refers to snitching. After reviewing the music video, we conclude that the trial court did not err when it determined the music video was relevant to Bowen's punishment. *See McDade*, 613 S.W.3d at 354–55.

Next, we determine whether the probative value of the music video is substantially outweighed by the danger of unfair prejudice. The first and second factors look to the inherent probative force of the proffered item of evidence along with the proponent's need for the evidence. *See Gigliobianco*, 210 S.W.3d at 641–42. Here, the music video features Bowen rapping. As we previously stated, the music video depicts violence and refers to snitching. Accordingly, the music video is evidence of Bowen's character and attitude toward violence and lawbreaking. As evidence of Bowen's character, the trial court could have reasonably concluded that the inherent probative force of the music video and that the State's need for it was considerable. *See* CRIM. PROC. art. 37.07, § 3(a)(1); *McDade*, 613 S.W.3d at 355–58.

Now, we must balance the first and second factors against the remaining four factors. The third and fourth factors look to any tendency of the music video to suggest a decision on an improper basis and whether it had any tendency to confuse or distract the jury from the main issues. *See Gigliobianco*, 210 S.W.3d at 641–42. The music video is inflammatory. As we previously noted, it depicts Bowen singing

–10–

with a group of men and flashing money, smoking, using profanity and racial slurs, and making hand gestures. And, it shows two women, who appear to be bound, hooded or blindfolded, with a gun pointed toward one of them.

However, there was also testimony that it was all an act, and a comparison was made to Johnny Cash's song "Cocaine Blues" in which he talks about "shooting his woman down" and how it was just a performance. Detective Stillwagoner testified that YouTube provides a great deal of music for people to access; and, Bowen testified that he does not write the rap music and lyrics—he is just a performer paid to sing them. Given that the contested exhibit is a rap music video, the jury could have believed that the purpose was to gain attention and provide entertainment.

During closing argument, the State used the rap song's title, "No Lies," to question Bowen's credibility. The State also reminded the jury that the music video was in evidence and they could ask the trial judge to see it again. Further, the State commented that the music video was "very powerful evidence" of Bowen's real character and suggested that Bowen's testimony during the punishment hearing was an act. In addition, the State argued Bowen suffered from greed, which is why he committed robbery, and pointed out all of the cash seen in the music video. Finally, the State referenced the victim's testimony that he was unsure whether he could forgive Bowen after seeing the music video.

In contrast, with respect to the music video defense counsel argued that Bowen should not be held responsible for singing music that others write and performing in a video under another's direction. Defense counsel also argued that the music video was not relevant to the jury's consideration of Bowen's punishment.

The music video was relevant to show Bowen's character and attitude toward violence and lawbreaking. Rather than suggesting a punishment decision on an improper basis and distracting the jury, the music video was evidence of Bowen's character, which is one type of evidence that may be offered during a punishment hearing. *See* CRIM. PROC. art. 37.07, § 3(a)(1). Further, given Bowen's guilty plea and the other evidence against him, the trial court could have reasonably concluded the music video did not have a tendency to suggest a punishment decision on an improper basis nor have any tendency to confuse or distract the jury from the main issue of Bowen's punishment. *See McDade*, 613 S.W.3d at 356–57.

The fifth factor looks to whether there was any tendency of the music video to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence. *See Gigliobianco*, 210 S.W.3d at 641–42. The music video was not of a scientific or technical nature. As a result, the trial court could have reasonably concluded that an untrained jury would not have a tendency to give the music video undue weight.

The sixth factor looks at the likelihood that the presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already

admitted. *See Gigliobianco*, 210 S.W.3d at 641–42. The total playtime of the music video was four minutes and it was one of forty State's exhibits. And compared to the State's other evidence, little time was taken to admit the music video and hear testimony related to it. The trial court could have reasonably concluded the music video would not consume an inordinate amount of time and was not repetitive. *See McDade*, 613 S.W.3d at 357.

The trial court reasonably balanced the 403 factors in favor of admitting the music video. Accordingly, we conclude the trial court did not err when it overruled Bowen's rule 403 objection to the music video.

Issue two is decided against Bowen.

## IV. CONCLUSION

We conclude that Bowen failed to preserve for appellate review his issue arguing the trial court erred during the punishment phase when it failed to sua sponte prevent the State from using evidence of his post-arrest silence. We also conclude that, during the punishment phase, the trial court did not err when it overruled Bowen's objections to the admission of his rap music video.

The trial court's judgment is affirmed.

/Leslie Osborne//
190598f.u05                          LESLIE OSBORNE
                                     JUSTICE

Do Not Publish
TEX. R. APP. P. 47

–13–



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

MICHAEL DEIONDRE BOWEN,
Appellant

No. 05-19-00598-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 354th Judicial
District Court, Hunt County, Texas
Trial Court Cause No. 32,465CR.
Opinion delivered by Justice
Osborne. Justices Schenck and
Partida-Kipness participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 10th day of August, 2021.