

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00061-CR

Edison **CARRAMAN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 437th Judicial District Court, Bexar County, Texas
Trial Court No. 2020-CR-6386
Honorable Melisa C. Skinner, Judge Presiding

Opinion by:    Liza A. Rodriguez, Justice

Sitting:        Beth Watkins, Justice
                Liza A. Rodriguez, Justice
                Sandee Bryan Marion, Chief Justice (Ret.)[1]

Delivered and Filed: August 9, 2023

AFFIRMED

Edison Carraman was found guilty of murdering his first cousin once removed and was

sentenced to thirty-three years of imprisonment. In his first two issues, Carraman argues that the

trial court erred in admitting State's Exhibits 52 and 81. However, he has failed to preserve error

for appeal with respect to these first two issues because his appellate issues do not comport with

the objections made at trial. *See Bekendam v. State*, 441 S.W.3d 295, 300 (Tex. Crim. App. 2014)

(holding that to preserve error for appellate review, the issue on appeal "must comport with the

---

[1]Sitting by assignment pursuant to section 74.003(b) of the Texas Government Code

objection made at trial"). In his third issue, he argues there is insufficient evidence to support the family-violence finding in the judgment. For the reasons stated below, we hold there is sufficient evidence and thus affirm the judgment.

## BACKGROUND

Carraman and the complainant are first cousins once removed. There was testimony at trial that after Carraman and the complainant argued on the phone about Carraman dating the complainant's ex-girlfriend, Carraman drove to the complainant's home, and while driving slowly by the home shot the complainant in his front yard. The complainant died, and Carraman was charged with murder. After a jury trial, Carraman was found guilty. He elected for the jury to assess his punishment and was sentenced to thirty-three years of imprisonment in accordance with the verdict. He now appeals.

## PRESERVATION OF ERROR AND RELEVANCE

In his first issue, Carraman argues the trial court erred in admitting State's Exhibit 52 because the witness "was not able to testify as to a scientific certainty as to whether . . . the unfired cartridge was cycled in the same firearm that fired the five cartridge cases, and as such State's Exhibit 52 was not relevant." At trial, Carraman's objected to State's Exhibit 52 as "not relevant." While Carraman attempts to frame his argument on appeal as one of *relevancy* under Texas Rule of Evidence 401, he is, in fact, bringing an issue with respect to the *reliability* of the witness's testimony as to State's Exhibit 52, which would be an objection under rule 702. *See* TEX. R. EVID. 702 ("A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue."). Indeed, in support of his argument, he cites *Kelly v. State*, 824 S.W.2d 568, 577 (Tex. Crim. App. 1992), which discusses the *reliability* of expert testimony under rule 702.

Because Carraman's appellate issue relates to whether the trial court erred in admitting evidence in violation of rule 702 and Carraman failed to object at trial pursuant to rule 702, he has failed to preserve his issue for appellate review with respect to rule 702. *See Bekendam*, 441 S.W.3d at 300.

With regard to whether the trial court abused its discretion in admitting State's Exhibit 52 because it was not relevant, Rule 401 provides that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." TEX. R. EVID. 401; *see also Montgomery v. State*, 810 S.W.2d 372, 378 (Tex. Crim. App. 1990) (explaining that a trial court's ruling on the admissibility of evidence is reviewed for abuse of discretion). State's Exhibit 52 was an unfired 40-caliber bullet found in the trashcan of Carraman's house. Also found in a kitchen cabinet of Carraman's house was a magazine and thirteen unfired bullets. Additionally, five spent shell casings and a bullet fragment were collected at the crime scene—that is, in the street in front of the complainant's residence. Through her testimony, the State's expert witness, a firearm and tool-mark examiner, was able to link State's Exhibit 52 and the thirteen unfired bullets with the five spent shell casings found at the crime scene. The trial court therefore did not abuse its discretion in overruling Carraman's relevance objection.

Similarly, in his second issue, Carraman argues the trial court erred in admitting State's Exhibit 81 during the punishment phase of trial because the evidence was unduly prejudicial under Texas Rule of Evidence 403. *See* TEX. R. EVID. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence."). However, at trial, Carraman did not object pursuant to rule 403; he merely objected on "relevanc[y] grounds." "A rule 403 objection is not implicitly contained in relevancy or 404(b) objections; rather, a specific rule 403 objection must be raised to preserve error." *Lopez*

*v. State*, 200 S.W.3d 246, 251 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd). Thus, because Carraman's issue on appeal relates to rule 403 and he did not make a rule 403 objection at trial, Carraman has failed to preserve his rule 403 issue for appellate review. *See Bekendam*, 441 S.W.3d at 300.

With regard to Carraman's relevancy objection, State's Exhibit 81 was a photograph of two BB guns that Carraman admittedly owned. In a non-capital felony trial, section 3(a) of article 37.07 of the Texas Code of Criminal Procedure permits any evidence to be offered by the State or the defendant "as to any matter the court deems relevant to sentencing." TEX. CODE CRIM. PROC. art. 37.07, § 3(a). "Relevant" evidence includes, but is not limited to, both character evidence in the form of opinion testimony as well as extraneous-offense evidence. *See id*. Thus, rule 401's definition of relevant is not a perfect fit in the punishment phase context. *See Hayden v. State*, 296 S.W.3d 549, 552 (Tex. Crim. App. 2009) ("Borrowing from the definition of 'relevant' under rule 401 is of little avail because the factfinder's role during the guilt phase is different from its role during the punishment phase."). "What is 'relevant' to the punishment determination is simply that which will assist the factfinder in deciding the appropriate sentence in a particular case." *Sims v. State*, 273 S.W.3d 291, 295 (Tex. Crim. App. 2008). The trial court's decision to admit such evidence during the punishment phase is reviewed for abuse of discretion. *Hayden*, 296 S.W.3d at 553.

State's Exhibit 81, which was a photograph of two BB guns owned by Carraman, showed that they looked like assault rifles and did not have the typical orange cap at the end of the barrel. Both BB guns looked like real guns. The court of criminal appeals has held that a BB gun is "capable of causing serious bodily injury if pointed and fired at someone" and thus could be a deadly weapon. *Adame v. State*, 69 S.W.3d 581, 582 (Tex. Crim. App. 2002). Thus, State's Exhibit 81 was relevant to Carraman's character, and the jury could draw a reasonable inference that

Carraman had a propensity to intimidate other people with his weapons. *See* TEX. CODE CRIM. PROC. art. 37.07, § 3(a); *Erazo v. State*, 144 S.W.3d 487, 491 (Tex. Crim. App. 2004). Accordingly, we hold the trial court did not abuse its discretion in overruling Carraman's relevance objection to State's Exhibit 81.

### FAMILY-VIOLENCE FINDING

In his final issue, Carraman argues that there is insufficient evidence to support the finding of "family violence" as reflected in the judgment. *See* TEX. CODE CRIM. PROC. art. 42.013 (explaining that in a murder trial, if the trial court determines the offense involved family violence as defined by section 71.004 of the Family Code, the trial court "shall make an affirmative finding of that fact and enter the affirmative finding in the judgment of the case"). Specifically, Carraman contends there was insufficient evidence that he and the complainant "were family or dating." Family violence is defined in section 71.004 of the Texas Family Code as

> an act by a member of a family or household against another member of the family or household that is intended to result in physical harm, bodily injury, assault, or sexual assault or that is a threat that reasonably places the member in fear of imminent physical harm, bodily injury, assault, or sexual assault, but does not include defensive measures to protect oneself.

TEX. FAM. CODE § 71.004(1). "'Family' includes individuals related by consanguinity or affinity, as determined under Sections 573.022 and 573.024, Government Code . . . ." TEX. FAM. CODE § 71.003. Section 573.022 defines "consanguinity" as follows:

> Two individuals are related to each other by consanguinity if:
> (1) one is a descendant of the other; or
> (2) they *share a common ancestor*.

TEX. GOV'T CODE § 573.022(a) (emphasis added).

At trial, there was evidence that Carraman and the complainant shared a common ancestor. Gonzalo Carraman Jr. testified that the complainant is his nephew. Gonzalo Carraman Jr. also testified that his father, Gonzalo Carraman Sr., had a brother named Rodolfo Carraman. Rodolfo

Carraman's son is Carraman. Gonzalo Carraman Jr. further testified that Carraman is his first cousin. Thus, the record reflects that Carraman and the complainant were first cousins once removed and necessarily shared a common ancestor. Accordingly, we hold the evidence is sufficient to support the family-violence finding in the judgment.

We affirm the judgment of the trial court.

Liza A. Rodriguez, Justice

Do not publish