**Affirmed as Modified and Opinion Filed June 21, 2016**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-15-00186-CR

## CHARLES DEWAYNE HOOKS, Appellant
## V.
## THE STATE OF TEXAS, Appellee

**On Appeal from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1357149-T**

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Bridges, and Justice Evans
Opinion by Justice Bridges

Charles Dewayne Hooks appeals his murder conviction.[1]  Appellant entered a guilty plea

but elected that a jury assess his punishment.  A jury sentenced appellant to confinement for life

and a $10,000 fine.  In two points of error, appellant argues the trial court abused its discretion in

admitting into evidence photographs of his tattoos and the judgment should be modified to

reflect the correct prosecutor and the correct spelling of defense counsel's name.  As modified,

we affirm the trial court's judgment.

For more than twenty years, Olga O'Bryant worked at Ramon's barber shop, and she

owned the barber shop for about a year and a half before selling it to Alex Fernandez.  Appellant

worked for O'Bryant and continued to work for Fernandez after Fernandez purchased the barber

---

[1] The record contains the State's notice that evidence of the following offenses could be introduced at trial: assault, unlawful carrying of a weapon, three possession of marijuana offenses, and assault on a public servant.

shop.  Fernandez had a "vision" for the barber shop that included "having barbers dress well and be professional in front of customers."

On Jesse Trevino's first day working at the barber shop, appellant showed up for work wearing basketball shorts.  Appellant was "talking crazy," using "curse words," and "talking real loud and talking bad."  Fernandez "tried to fire" appellant, but appellant "started crying, saying he had a family."  Fernandez agreed that appellant could keep his job if he came in on time, did his job, and dressed well.  The next morning, appellant was "dressed up pretty nice," and "everything seemed good."  After lunch, Fernandez left the barber shop, and appellant "started talking crazy like real loud."  Some customers who were seventeen or eighteen years old were present, and appellant "started saying some real crazy stuff about like prison and talking about how he rapes people in prison and stuff like that."  Trevino texted Fernandez about appellant's behavior.

When Fernandez returned to the barber shop, appellant was "arguing with" O'Bryant.  Appellant told O'Bryant that it would be her fault if he lost his job because appellant thought O'Bryant had been talking about him.  Appellant lifted his shirt to show O'Bryant his tattoos, which included a large "OG" on his abdomen, a handgun, and a smaller "OG" higher on his chest next to a barber pole, "You reap what you sow," "Life is a gamble," and "smile now, cry later."  O'Bryant said she was not talking about appellant, and she seemed afraid.  Fernandez took appellant outside and had a conversation with him.  Fernandez told appellant to "get his stuff and leave," and appellant collected his belongings but "started getting angry" and yelling.  Appellant left but came back ten minutes later and "came running in there yelling trying to fight" Fernandez.  Appellant was also calling Fernandez and saying he was going to kill Fernandez.  Someone called the police, but appellant had left when police arrived.  Fernandez put one of appellant's threatening calls on speaker for the officers to hear.  Appellant continued to return to

the barber shop and tried to get Fernandez to fight with him. Someone called police a second time, but appellant had left again when police returned to the barber shop.

Police had left by the time appellant came to the barber shop for the last time. A customer let appellant in the back door, and appellant "walked right up to" Fernandez and shot him. Fernandez later died from his wound.

Appellant was indicted for Fernandez's murder. Appellant entered a guilty plea but elected to have a jury assess punishment. At the punishment hearing, court investigator Gary O'Pry testified he photographed appellant's tattoos pursuant to a motion from the State. The State offered the photographs into evidence. Defense counsel objected that the photographs were irrelevant and immaterial and their prejudicial value outweighed their probative value. The trial court overruled appellant's objection.

Dallas police detective Derick Chaney testified he recorded the threatening voice mails appellant left on Fernandez's phone. In one of the voice mails, appellant was "talking about trying to get [Fernandez] to come out and talk to an OG." Chaney testified "OG" means "original gangster" and means "you want to be somebody in the neighborhood. It's being a gangster, someone to break the law." The jury sentenced appellant to life imprisonment, and this appeal followed.

In his first point of error, appellant argues the trial court abused its discretion by admitting the photographic evidence of his tattoos because the evidence was more prejudicial than probative. A ruling admitting or excluding evidence is subject to an abuse of discretion review. *Cameron v. State*, 241 S.W.3d 15, 19 (Tex. Crim. App. 2007). Under the abuse of discretion standard, the appellate court must uphold the trial court's ruling so long as it is within the zone of reasonable disagreement. *Robbins v. State*, 88 S.W.3d 256, 260 (Tex. Crim. App. 2002); *see also Khoshayand v. State*, 179 S.W.3d 779, 783 (Tex. App.—Dallas 2005, no pet.).

Texas rule of evidence 401 defines "relevance" as having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable. TEX. R. EVID. 401. Even if evidence is relevant, a trial court may exclude it if its probative value is substantially outweighed by the needless presentation of cumulative, misleading, confusing, or unfairly prejudicial evidence. TEX. R. EVID. 403. Article 37.07, section 3(a) of the Texas Code of Criminal Procedure governs the admissibility of evidence during the punishment phase of a noncapital trial and provides evidence may be offered by the State and defendant "as to any matter the court deems relevant" including evidence of reputation, character or the circumstances of the offense. TEX. CODE. CRIM. PROC. ANN. art. 37.07, §3(a)(1) (West Supp. 2015). A defendant's choice of tattoos, like his personal drawings, can reflect his character and/or demonstrate a motive for his crime. *Conner v. State*, 67 S.W.3d 192, 201 (Tex. Crim. App. 2001).

Here, appellant entered a guilty plea, and the only issue was punishment. When the jury assesses punishment, it must be able to tailor the sentence to the particular defendant, and relevance is simply "a question of what is helpful to the jury in determining the appropriate sentence for a particular defendant in a particular case." *Sims v. State*, 273 S.W.3d 291, 295 (Tex. Crim. App. 2008). The record shows appellant pulled up his shirt and showed O'Bryant his tattoos while "arguing with" her and telling her it would be her fault if he lost his job. O'Bryant was afraid. The "OG" tattoo stood for "original gangster," and appellant referred to himself as "OG" when threatening Fernandez. Thus, the record shows appellant used his self-styled "original gangster" status in an attempt to threaten and intimidate both O'Bryant and Fernandez. Under these circumstances, we cannot conclude the trial court abused its discretion in admitting evidence of the tattoos. *See id.*; *Cameron*, 241 S.W.3d at 19. We overrule appellant's first point of error.

In his second point of error, appellant argues the judgment should be modified to reflect the correct prosecutor and the correct spelling of defense counsel's name. The State agrees. We are authorized to reform the judgment to make it "speak the truth" of the sentence imposed when we have the necessary data and information to do so. *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). Accordingly, we sustain appellant's second error and reform the judgment to reflect the correct prosecutor and correct spelling of defense counsel's name.

As reformed, we affirm the trial court's judgment.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

150186F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

CHARLES DEWAYNE HOOKS, Appellant

No. 05-15-00186-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1357149-T.
Opinion delivered by Justice Bridges. Chief Justice Wright and Justice Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

Under the caption "Attorney for State:" "Jason Fine" is deleted and "Chris Pryor and Joseph Flores" is substituted.  Under the caption "Attorney for Defendant:" "John Reed" is deleted and "John Read" is substituted.

As **REFORMED**, the judgment is **AFFIRMED**.

It is **ORDERED** that appellee THE STATE OF TEXAS recover its costs of this appeal from appellant CHARLES DEWAYNE HOOKS.


Judgment entered June 21, 2016.